United States District Court
Southern District of Texas
**ENTERED**
June 30, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | |
|---|---|
| **JUAN MANUEL HERNANDEZ,** § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | **CIVIL ACTION NO. 5:20-CV-163** |
| § | **CRIM. ACTION NO. 5:18-CR-546-1** |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION

Before the Court is Petitioner's Motion Under 25 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Dkt. No. 1).[1] This motion initiated the instant civil action for collateral or habeas corpus review. The Court notes that Petitioner also filed a number of other motions in addition to his initial motion to vacate. These are his Motion to Withdraw Plea Agreement, (Dkt. No. 2); Motion to Start Up a Civil Suite [*sic*], (Dkt. No. 3); Motion to Fire My Public Defender by "Inaffictive [*sic*] Assistance of Counsel," (Dkt. No. 4); Memorandum of Law in Support of Sect. 2255 Motion, (Dkt. No. 5); and Motion to Sophina [*sic*] S.S.I. Medical Records,[2] (Dkt. No. 6). The District Court referred this case to the Undersigned on May 28, 2021, for rulings on non-dispositive motions and preparation of findings of fact and recommendations of law on dispositive motions. (Dkt. No. 8).

### I. Procedural History

#### A. Initial Sentencing and Direct Appeal

On November 6, 2018, Petitioner Juan Manuel Hernandez pleaded guilty to possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §

---

[1] Unless otherwise noted, "Dkt." indicates a citation to the record in the civil action that has been opened for this collateral-review proceeding under 28 U.S.C. § 2255. "Cr. Dkt." indicates a citation to the record in the underlying criminal case. Page numbers refer to the pagination assigned to the docket entries by the court's electronic filing system, CM/ECF.

[2] The Court understands that Petitioner intended to write *subpoena* wherever the term *sophina* appears in his filings.

922(g)(1) and § 924(a)(2). (Cr. Dkt. No. 34). On March 5, 2019, the Court sentenced Hernandez to 84 months of imprisonment. (*Id.*). Three days later, Hernandez filed a notice of appeal to the Fifth Circuit Court of Appeals. (Cr. Dkt. No. 36). Hernandez was represented by an attorney from the Federal Public Defender's Office in his appeal. (*See* Cr. Dkt. Entry dated March 13, 2019).

On direct appeal, Hernandez's counsel filed a motion to withdraw from representing Hernandez. *United States of America v. Hernandez*, No. 19-40203, 783 Fed. App'x. 441 (Mem.) (5th Cir. Nov. 5, 2019). Counsel's motion was accompanied by an *Anders* brief.[3] *Id.* Hernandez filed a response to his counsel's *Anders* brief. *Pro se* Brief by the Appellant, *United States of America v. Hernandez* (No. 19-40203). In his response, Hernandez argued that counsel provided ineffective assistance by filing a frivolous *Anders* brief; that Hernandez was actually innocent; and that *Rehaif v. United States*, 139 S. Ct. 2191 (2019), applied in this case. *Id.*

The Fifth Circuit ultimately granted counsel's motion to withdraw and dismissed Hernandez's direct appeal as frivolous. *Hernandez*, 783 Fed. App'x. 441 (Mem.). In its opinion, the Fifth Circuit declined to address the question of ineffective assistance of counsel because ineffective-assistance claims are properly brought only on collateral review, not direct appeal. *Id.*

### B. First Motion Under 28 U.S.C. § 2255

On January 21, 2020, Hernandez filed his first motion for relief under § 2255. (Cr. Dkt. No. 49). As in the instant case, Hernandez's also filed a flurry of supporting motions, including a Memorandum of Law in Support of Motion to Vacate, (Cr. Dkt. No. 50); a Motion to Sophina [*sic*] S.S.I. Medical Records, (Cr. Dkt. No. 51); a Motion to Fire My Public Defender by "Inaffictive [*sic*] Assistance of Counsel," (Cr. Dkt. No. 52); a Motion

---

[3] In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court stated that

> If counsel finds [a Petitioner's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

The brief accompanying a court-appointed counsel's motion to withdraw on appeal is commonly referred to as an *Anders* brief.

to Start Up a Civil Suite, (Cr. Dkt. No. 53); and Hernandez's purported Affidavit, (Cr. Dkt. No. 54).

    Hernandez sought relief from his conviction on the following three grounds:

        (1) that counsel on direct review provided ineffective assistance by filing a frivolous *Anders* brief,

        (2) that a downward variance was appropriate in his case under the First Step Act, and

        (3) that good-conduct time should be applied to his current sentence under the First Step Act.

(*Id.*; Cr. Dkt. No. 55). The court reviewed Hernandez's arguments and denied relief on August 13, 2020. (Cr. Dkt. No. 55). Hernandez did not file an appeal from that decision.

### C. Pending Motion Under 28 U.S.C. § 2255

A little over a month after the court denied his first motion under § 2255, Hernandez filed the instant motion to vacate and opened a second case seeking collateral review of his conviction. (Dkt. No. 1). Although Hernandez's motion was received and filed on September 24, 2020, the Court notes that Hernandez reportedly signed his motion on December 16, 2019 and certified that he had mailed it on December 17, 2019. (Dkt. No. 1 at 12). These are the same dates listed on Hernandez's first motion to vacate his conviction under § 2255. (Cr. Dkt. No. 49 at 12). A closer examination reveals that Hernandez has simply refiled precisely the same motion to vacate that the court had denied on his first petition for habeas.

    Hernandez's second § 2255 motion was accompanied by five additional motions, namely Petitioner's Motion to Withdraw Plea Agreement, (Dkt. No. 2); Motion to Start Up a Civil Suite [*sic*], (Dkt. No. 3); Motion to Fire My Public Defender by "Inaffictive [*sic*] Assistance of Counsel," (Dkt. No. 4); Memorandum of Law in Support of Sect. 2255 Motion, (Dkt. No. 5); and Motion to Sophina [*sic*] S.S.I. Medical Records, (Dkt. No. 6). Of these motions, four are identical to their counterparts filed in Hernandez's first motion under § 2255. (*Compare* Cr. Dkt. Nos.50. 51, 52, 53 *with* Dkt. Nos. 3, 4, 5, 6).

## II. Discussion

    A motion seeking relief from a federal conviction or sentence is governed by 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Because

Hernandez has previously filed another motion to vacate his conviction under § 2255, (Cr. Dkt. No. 49), the Court properly construes his request for relief as a "second or successive" petition for habeas. *See Banister v. Davis*, 140 S. Ct. 1698, 1709 (2020) (holding that any motion that independently attacks a federal court's previous resolution of a habeas claim on the merits is considered a second or successive habeas petition). Under 28 U.S.C. § 2255(h), any second or successive motion or application for review must be certified by a panel of the appropriate court of appeals—in this case, the Fifth Circuit.

In order to be certified by the Fifth Circuit, any second or successive petition for habeas must contain either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

This Court does not have jurisdiction to consider a second or successive motion under § 2255 until after the Fifth Circuit issues a certification authorizing Hernandez to file a second or successive motion. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). By extension, this Court also does not have jurisdiction to consider or dispose of the other motions pending in this case. Because Hernandez has not obtained the required authorization from the Fifth Circuit, the Court **RECOMMENDS** that the District Judge **DENY** Petitioner's Motion Under 25 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, (Civ. Dkt. No. 1), without prejudice to refiling upon his securing the required authorization from the Fifth Circuit Court of Appeals.

### III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts requires a district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue

unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that reasonable jurists would not debate whether the pending motion is an unauthorized successive application for relief under § 2255. The Court therefore **RECOMMENDS** that the District Judge **DENY** a certificate of appealability in this case.

### IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** that the District Judge **DENY** Plaintiff's Motion to Vacate, Set Aside or Correct Sentence (2255) as to Criminal Case. (Dkt. No. 1). The Court also **RECOMMENDS** that the District Judge **DENY** a certificate of appealability.

### V. Notice of Right to Object

Within fourteen days after being served with a copy of this Report and Recommendation, the parties may file written objections to the findings and recommendations proposed above. 28 U.S.C. § 636(b)(1). The District Judge will review *de novo* those portions of the report or specified proposed findings or recommendations to which the party objects. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996). The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by this Court, and may also receive further evidence or recommit the matter to this Court with instructions. 28 U.S.C. § 636(b)(1)(C). The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). If a party does not object within

fourteen days, the party forfeits its right to District Court review. *Thomas*, 474 U.S. at 150.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice. *Douglass*, 79 F.3d at 1428.

The Court **DIRECTS** the Clerk of the Court to mail Petitioner a copy of this Order by Federal Express return receipt requested at the address indicated in his most recent filing.

**SIGNED** on June 30, 2021.

John A. Kazen
United States Magistrate Judge